IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARCUS D. JONES**                                                                    **PETITIONER**
Reg. #12520-045

V.                          CASE NO. 2:20-CV-00247-ERE

**DEWAYNE HENDRIX, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**                                                              **RESPONDENT**

## ORDER

Before the Court is Petitioner Marcus Jones' petition under 28 U.S.C. § 2241. *Doc. 2*. A response and reply have been filed. *Doc. 19, 27*. For the reasons set out below, the petition is DENIED and this case is DISMISSED.

### I.     BACKGROUND

Petitioner Marcus D. Jones is an inmate at the Federal Medical Center in Fort Worth, Texas. When he filed his habeas corpus petition, Mr. Jones was an inmate at the Federal Correctional Complex in Forrest City, Arkansas, serving concurrent 327-month sentences for drug trafficking and firearm offenses. *Doc. 3*. Mr. Jones named Dewayne Hendrix ("Respondent"), the warden at the Forrest City Facility and his custodian at the time he filed this petition,[1] as the Respondent in this case. *Doc. 2*.

---

[1] See *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (holding that "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the Petitioner].'").

Mr. Jones challenges the calculation of First Step Act ("FSA") time credits.[2] He also sought an emergency injunction to prohibit the Federal Bureau of Prisons ("BOP") from transferring him to a facility in Fort Worth, Texas, which was denied. *Docs.* 6, 10. However, the Court instructed Respondent to brief the issue of whether it would continue to have jurisdiction over the case following the transfer. That issue is now fully briefed. *Docs. 10, 19, 27*. For reasons stated below, the petition for writ for habeas corpus is dismissed.

On February 27, 2020, Mr. Jones submitted an Informal Resolution Attempt to the BOP requesting a calculation of his earned time credits under the First Step Act for evidence-based recidivism reduction. On March 24, 2020, the correction counselor responded that Mr. Jones would be evaluated when the program is fully implemented at his institution. That same day, Mr. Jones submitted a request for administrative remedy to the BOP. On April 10, 2020, Warden Hendrix responded that the BOP had not yet fully implemented the FSA, including calculation of earned time credits. Consequently, no calculation was made. Mr. Jones appealed to the Regional Director, who issued a response on September 17, 2020, giving the same

---

[2] Unless otherwise noted, information in the background section comes from the petition and affidavit. *Docs. 2, 3.*

explanation as the Warden. The Regional Director also advised that once the policy is approved, all inmates would begin receiving applicable time credits.[3]

On December 17, 2020, Mr. Jones filed this § 2241 habeas petition seeking relief under the FSA. He challenges the BOP's failure to apply his allegedly earned time credits for evidence-based recidivism programs. Mr. Jones claims that FSA time credits result in a "speedier release" from custody and that the FSA permits him to receive "retroactive time credit" for his prior programing, including those he was "actively participating in but had not completed when the bill became law." He also claims that, based on his successful completion of the evidence-based recidivism programing, he is owed over 270 days of credit on his sentence.

Respondent argues that: (1) because Mr. Jones has been transferred to Texas this Court no longer has territorial jurisdiction over his custodian; (2) the Court should not transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1631 because Mr. Jones' claims are futile. The Court agrees with both arguments.

## II.  DISCUSSION

### A.  Territorial Jurisdiction

Section 2241 provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); see

---

[3] The Court assumes Mr. Jones fully exhausted his administrative remedies; Respondent does not argue otherwise.

*Padilla*, 542 U.S. at 442. This rule "require[s] 'nothing more than the court issuing the writ have jurisdiction over the custodian.'" *Padilla*, 542 U.S. at 442 (quoting *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973)). The Eighth Circuit Court of Appeals has held that there must be a custodian within the territorial confines of the district court. *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987).

In challenges to present physical confinement, "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent" *Padilla*, 542 U.S. at 444. "By definition, the immediate custodian and the prisoner reside in the same district." *Id.* at 442. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

Questions of territorial jurisdiction become less clear when, as occurred here, the petitioner is transferred while the habeas petition is pending. In *Padilla*, the Supreme Court held that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441; see *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) ("It is true that, if a district court has

4

proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only so long as an appropriate respondent with custody remains in the district.") (quotation omitted).

Mr. Jones properly filed the petition in the Eastern District of Arkansas Division, where he was incarcerated at the time. However, on February 22, 2021, Mr. Jones was transferred to a federal detention facility in Texas. *Doc. 19*. This Court lacks jurisdiction over the warden of a Texas federal prison. Although the government can consent to territorial jurisdiction, it has not done so here. Therefore, the Court does not have jurisdiction over Mr. Jones' habeas petition.

Accordingly, the Court must decide whether to dismiss the Petition, or, in the interests of justice, transfer it to the to the Northern District of Texas.[4] As set out below, because Mr. Jones' petition is futile, the Court declines to transfer this case.

### B. Mr. Jones' FSA Claim is Premature.

As mentioned earlier, Mr. Jones' § 2241 petition involves the earned time credit portion of the FSA. He seeks an order requiring the BOP to apply the earned time credits he claims to have accumulated during his incarceration to its calculation of his release date.

Respondent argues that the petition should be dismissed because his request for relief is premature. *Doc. 19*. According to Respondent, there is no justiciable

---

[4] See 28 U.S.C. § 1631.

case or controversy as required by Article III of the United States Constitution because the deadline for implementing the incentives component of the Risk and Needs Assessment System has not passed. Respondent contends that the deadline for the BOP's implementation of the incentives component for all prisoners is January 15, 2022, and that the BOP is under no obligation to provide the incentives component of the Risk and Needs Assessment System before then.

The FSA, enacted on December 21, 2018, brought about several prison and sentencing reforms. One of the reforms required the Attorney General to create a "risk and needs assessment system" to individually classify, identify, and provide appropriate evidence-based recidivism reduction programs or productive activities to prisoners. *See* 18 U.S.C. § 3632(a). Under the FSA, time credits may be earned by eligible prisoners who successfully complete "evidence-based recidivism reduction programming" or "productive activities." *Id.* at § 3632(d)(4)(A). The FSA set out a two-year phase-in period for providing evidence-based recidivism reduction programming and productive activities. 18 U.S.C. §§ 3621(h)(2)-(3). Accordingly, the BOP has until January 15, 2022 to provide evidence-based recidivism reduction programs and productive activities to all prisoners. *Id.* at § 3621(h)(2). Section 3621(h)(4) provides that during the two-year phase-in period, the BOP "<u>may offer</u> to prisoners who successfully participate in such programs and activities the incentives and rewards described in [18 U.S.C. § 3632(d)]." *Id.* at § 3621(h)(4)

6

(emphasis added). Whether "may offer" gives the BOP discretion to provide these programs before January 15, 2022 has been a subject of debate.

The majority of courts that have addressed this issue have found that the claims similar to Mr. Jones' are premature.[5] Generally, the statutory construction of "may" is permissive, whereas "shall" is mandatory. *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947); *Braswell v. City of El Dorado*, 187 F.3d 954, 958–59 (8th Cir. 1999). The Court cannot read the word "may" in 18 U.S.C. § 3621(h)(4) to mean "shall," especially when the word "shall" is used throughout the same subsection. See 18 U.S.C. §§ 3621(h)(1), (h)(2), (h)(3), (h)(5). The language Congress chose gives the BOP discretion to determine whether to implement the incentives component during the phase-in period. See *id*. § 3621(h)(4); see also *Kennedy-Robey*, 2021 WL 797516, at *4 ("If immediate implementation were mandated, Congress would have used the word 'shall[.]'"). Thus, the Court concludes that § 3621(h)(4) makes implementation of the FSA earned time credits <u>permissible</u>, not mandatory, during the two-year phase-in period.

---

[5] See *Cohen v. United States*, 20-CV-10833 (JGK), 2021 WL 1549917, at 3 (S.D.N.Y. Apr. 20, 2021) (stating the "overwhelming majority of courts to have considered this issue have agreed with the Government's view"); *Fleming v. Joseph*, No. 3:20CV5990-LC-HTC, 2021 WL 1669361, at 4 (N.D. Fla. Apr. 7, 2021) (report and recommendation) (concluding petitioner's claim to apply time credits was premature because the two-year phase date had not expired); *Kennedy-Robey v. FCI Pekin*, No. 20-CV-1371, 2021 WL 797516, at 3 (C.D. Ill. Mar. 2, 2021) ("The use of the word 'may' indicates that, while it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not required to do so."); *Hand v. Barr*, No. 1:20-CV-00348-SAB-HC, 2021 WL 392445, at 5 (E.D. Cal. Feb. 4, 2021) (report and recommendation) (finding *Goodman* distinguishable).

Because the deadline for the BOP to complete the phase-in period is January 15, 2022, Mr. Jones' request is premature. Although the BOP could, in its discretion, apply earned time credits before January 15, 2022, the FSA does not compel the BOP to do so. Accordingly, it is premature for a court to even take up the question of whether the BOP can be compelled to compute and apply any time credits Mr. Jones may have earned.

## III.   CONCLUSION

For the reasons set out above, Petitioner Marcus Jones' § 2241 habeas petition is DENIED and this case is DISMISSED without prejudice.

IT IS SO ORDERED this 11th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE